UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Antoinette McLean, individually and on behalf of other similarly situated Assistant Store Managers,** : <br> : <br> **Plaintiffs,** : <br> : <br> -v.- : <br> : <br> **CVS Caremark Corporation,** : <br> : <br> **Defendant.** : | **CIVIL ACTION NO.:** <br><br><br><br><br><br><br> **March 3, 2009** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Antoinette McLean, on her own behalf and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### I.   INTRODUCTION

1.  This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and is brought to remedy widespread violations by Defendant CVS Caremark Corporation, that have deprived plaintiff, a CVS Assistant Store Manager, along with others similarly situated, of overtime wages to which they are entitled.

2.  Under federal law, employees must be paid 1.5 times their regular rate for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

3.  Despite this statutory requirement, CVS requires thousands of its Assistant Store Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

1

4. CVS's acts violate federal overtime laws and affect thousands of its Assistant Store Managers, current and former. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, brings this claim and seeks unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which she and the other Assistant Store Managers are entitled.

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts complained of took place in this judicial district.

## III.   PARTIES

7. Plaintiff Antoinette McLean is an individual residing and working within this judicial district. She has worked for CVS since 1996. Since June 4, 2006, Plaintiff has held the position of Assistant Store Manager. She is currently working at CVS's Riverside, Connecticut store. In this position, Plaintiff routinely works more than 40 hours a week, though she is never paid overtime.

8. Defendant CVS Caremark Corporation is a corporation organized and existing under the laws of Delaware. CVS's headquarters are located in Woonsocket, Rhode Island. CVS owns and operates pharmacies in more than 6,300 locations in forty states and has over 190,000 employees.

9. In 2008, it generated about $80 billion in revenue, and was ranked 24th on the Fortune 500 list of largest publicly-traded companies.

10. CVS Caremark Corporation, which is subject to FLSA requirements, is an employer within the meaning of the FLSA. CVS is the employer of Plaintiff and all other Assistant Managers around the country. Even though there are separate Limited Liability Companies in each state, it is the parent company, CVS, that actively manages and runs the affairs each store. It sets prices, writes procedures, and establishes job descriptions and compensation policies on a nationwide basis.

11. In this Complaint, "CVS" refers to the named defendant and all other parent, successor, predecessor and subsidiary entities to which these allegations pertain.

## IV.   COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff sues on behalf of herself and all other CVS Assistant Store Managers at all CVS stores around the country, excluding those in Florida, (who are currently covered by a separate lawsuit) who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. 216(b). Plaintiff and the other Assistant Store Managers are similarly situated in that they are all subject to Defendant's common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as described and defined by the job description and required by CVS, is not exempt.

## V.   FACTS

*A.   Background And Business Model Of CVS*

13. At all relevant times, Plaintiff worked as an Assistant Store Manager for CVS. There are thousands of CVS Assistant Store Managers around the country with job descriptions that are, for all intents and purposes, identical to Plaintiff's. They report directly to a Store Manager in whom resides the real management authority of the store.

3

14. CVS's corporate office issues a Store Operations Manuals with operating policies that apply uniformly to all stores nationwide. No matter the size of the store or the district, every detail of how the store is run is fixed and mandated through CVS's comprehensive manuals and procedures.

15. While Plaintiff and the class have been given the title of Assistant Store Manager, in fact, based on their duties, their real and primary function is to perform non-exempt functions, including such tasks as unloading deliveries, stocking shelves and ringing the cash register. CVS profits from this business model to the extent that it does not pay for the hours worked by Assistant Managers beyond forty in a week.

**B.    *CVS's Assistant Store Managers Are Not Exempt From The FLSA***

16. The FLSA has certain exemptions from its overtime requirement including exemptions for bonafide executive or administrative employees. Neither applies to Assistant Managers.

17. The FLSA exempts from its overtime requirements bona fide executives. To establish an employee is a bona fide Executive Employee, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(1)(2006).

4

18. The FLSA also exempts from its overtime requirements bona fide administrative employees. To establish an employee is a bona fide Administrative Employee, an employer must show: (1) that the employee's primary duty is the performance of work directly related to the management or general business operations of the employer or the employer's customers (29 C.F.R. Section 541.201(a)), and (2)) that the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance (29 C.F.R. Section 541.202(a)).

19. Neither McLean nor any other CVS Assistant Store Manager qualifies as either an Executive or and Administrator under these tests.

20. The primary duty of Plaintiff and all other Assistant Store Managers is neither management nor administration and therefore CVS is not entitled to deny them overtime pay under the executive exemption or any other exemption.

**C.   *Time Spent On Exempt v. Non-Exempt Tasks***

21. The Assistant Store Managers do not spent most of their time on exempt tasks. Instead, more than 80% of their time is spent performing non-exempt duties, including but not limited to the following enumerated tasks, all of which are listed on the job description for all Assistant Store Managers:

    a. Assisting customers with questions;
    b. Handle all customer relations issues in accordance with company policy and promote a positive shopping experience for all customers
    c. Maintain customer/patient confidentiality
    d. Price Merchandise,
    e. Stock shelves,
    f. Reset departments following Plan – o – Grams (POGs) adapting them to a particular store
    g. Organize and execute displays and signing of weekly, major promotional and seasonal merchandise
    h. Organize and execute the display and maintenance of off –shelf merchandise,;

    i.    Ensure price accuracy, using POS Price Accuracy Report and in-store price audits
    j.    Maintain an organized office and backroom;
    k.    Work reserve stock;
    l.    Load and Unload deliveries;
        - lift 35 pound trays/cases to a height of 4 feet
        - move trays/cases from one location to another
    m.    Verify and document billing of merchandise (check-in merchandise)
    n.    Execute and document merchandise returns and interstore transfers
    o.    Operate cash register – including: cash, check and charge transactions; bagging merchandise
    p.    Open / close store
    q.    Answer telephone;
    r.    Identify and react to in store repairs;
    s.    Supervise and execute rubbish removal;
    t.    Prepare the store for a physical inventory;
    u.    Assist customers with large purchases – taking out to vehicle;
    v.    Cut in new items; remove discontinued items and adjust merchandise facings accordingly;
    w.    Work reserve backstock/overstock;
    x.    Maintenance of store: facing, dusting, vacuuming, window cleaning, clean restroom, backroom fixtures, store exterior;
    y.    Assist Pharmacy staff in/out of Pharmacy area
    z.    Perform photofinishing activities
    aa.    Organize and execute the display and maintenance of cosmetic units, greeting cards, franchise candy and outside vendor merchandise.

**D.** *Relative Importance Of Exempt Tasks To Non-Exempt Tasks*

22.    The non-exempt duties that Assistant Store Managers perform are more important to the CVS business model than their few exempt duties. The only duties that CVS includes on its job description and assigns to its Assistant Store Managers that it claims are "Management" are:

    a.    work effectively with store management and store crews
    b.    supervise the store's crew through assigning, directing and following up of all activities
    c.    effectively communicate information both to and from store management and crews.

23.    CVS does not include a section on its Assistant Manager job description entitled "Administrative Duties." Few if any of the remaining duties can qualify as

Administrative tasks under the regulations because they do not relate to the management or general business operations. Instead they consist of carrying out the day to day affairs of the company and do not require the exercise of discretion and independent judgment on matters of significance.

24. Even as to these few exempt tasks that are included on the job description, the Store Operations Manual strictly prescribes them and the District Managers and Store Managers closely scrutinize Assistant Store Managers' compliance with the Manual and other corporate directives. Assistant Store Managers are not allowed to perform any of these tasks outside of the strict confines of the Store Operations Manual, company directives or their Store Manager's supervision.

25. Many of the exempt tasks are frequently performed by hourly employees, such as non-exempt Shift Supervisors, whose job descriptions includes many of the same tasks as are on the job description for Assistant Store Managers.

26. It is a key to CVS's business model that the Assistant Store Manager performs significant amounts of manual labor and other non-exempt functions given each stores' limited payroll budget. If the Assistant Store Managers did not perform these manual labor and non-exempt functions, CVS would have to hire other employees, including more cashiers, janitors and stock persons.

*E.  Relative Freedom From Supervision*

27. The Assistant Store Managers are rarely free from the close supervision and micromanagement of their Store Managers who, pursuant to the Store Operations Manual, control virtually every aspect of the stores' day-to-day operations. CVS, through its, store operations manuals and company directives, micro-manages many of

the details of the operations of these stores, including but not limited to:

a.  Days and hours of operation;
b.  Number of key sets;
c.  Who may possess key sets;
d.  Entire store layouts;
e.  Store maintenance procedures and tasks;
f.  Selection, presentation and pricing of merchandise;
g.  Performance goal setting and monitoring;
h.  Discipline procedures;
i.  Customer Service techniques;
j.  Sales techniques;
k.  Inventory management techniques;
l.  In Store Merchandise Promotions;
m.  Payroll budgets; and
n.  Staffing levels
o.  Banking procedures;
p.  Dress code, including facial hair and body piercing guidelines;

28. Assistant Store Managers are supervised closely by their District Managers and Store Managers and the company generally. Through the use of detailed computerized reporting systems, the details of each Assistant Store Manager's stores performance is monitored on a daily basis and their performance of daily tasks is measured and used in the assessment of their job performance.

### F.  *Relationship Between Assistant Store Managers' Salary And The Wages Of Other Non-Exempt Workers*

29. The Assistant Store Managers' salary is comparable to that of their non-exempt Shift Supervisors, especially when the overtime that they spend on the job is considered. In fact, there are Shift Supervisors who earn more than the Assistant Store Managers, especially when overtime pay is included.

30. CVS's violations have been willful and intentional in that it has known all along what the law requires and that the primary duty of its Assistant Store Managers has been to perform non-exempt work.

31. As a result of CVS's willful violations of the FLSA, McLean and all other similarly situated Assistant Store Managers have suffered damages in that they have not received proper compensation in accordance the FLSA.

## LEGAL CLAIMS

### COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiff and all other similarly situated Assistant Store Managers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

1. Unpaid overtime wages under the Fair Labor Standards Act;

2. Liquidated damages under the Fair Labor Standards Act;

3. An order directing Defendant to supply the names and home addresses of the similarly situated service representative to Plaintiff's counsel so that a notice can be sent to them inviting them to join this action;

4. Interest and costs;

5. Attorneys' fees under the Fair Labor Standards Act;

6. Injunctive relief including an order directing CVS to discontinue its practice of denying service representatives overtime pay;

7. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

By: /s/
Richard E. Hayber
**Hayber Law Firm, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
Attorney for Plaintiffs
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Wood R. Foster, Jr.,
Jordan M. Lewis
**Siegel, Brill, Greupner, Duffy & Foster, P.A.**
100 Washington Avenue South, Suite 1300
Minneapolis, MN 55401
(612) 337-6100
(612) 339-6591 (facsimile)
woodfoster@sbgdf.com
jordanlewis@sbgdf.com

**Attorneys for Plaintiffs**