UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTOINETTE MCLEAN,<br>SHERWIN GRIFFITH,<br>MOHAMMED AHAD, AND<br>RATNA EDARA,<br>      Plaintiffs, | CIVIL ACTION NO.:<br>3:09 cv 345 (VLB) |
| v. | |
| CVS PHARMACY, INC.<br>      Defendant. | September 21, 2010 |

## ORDER GRANTING THE PLAINTIFF'S MOTION FOR PERMISSION TO FILE A SECOND AMENDED COMPLAINT [DOC. #69]

On October 9, 2009 the Plaintiff, Antoinette McLean (hereinafter "Plaintiff" or "McLean"), filed a motion seeking permission, pursuant to Rule 15(a) and Rule 20(a) of the Federal Rules of Civil Procedure, both to file a second amended complaint in order to join three additional plaintiffs: Sherwin Griffith, Mohammed Ahad, and Ratna Edara and to abandon classification of this case as a collective action. The Defendant, CVS Pharmacy, Inc. (hereinafter "Defendant" or "CVS"), objects, asserting that the Plaintiff must persist in her collective action and further, that the Plaintiff relies on the wrong procedural standard and has failed to show good cause, as required by the correct standard, to join the proposed plaintiffs. For the reasons stated below, the Plaintiff's motion for reclassification of the case and for joinder are granted and the Defendant's objection is overruled.

## INTRODUCTION

McLean's complaints [Docs. ##48, 86] allege the following facts. McLean has worked for CVS, a national pharmacy chain with more than 6,300 locations in forty states and more than 190,000 employees, since 1996. McLean has held the position of Assistant Store Manager ("ASM") since June 4, 2006, and currently works at CVS' Riverside, Connecticut location, and routinely works more than forty hours a week. McLean claims that, in violation of the Fair Labor Standards Act (hereinafter "FLSA "), CVS failed to pay McLean and similarly situated ASM's the statutorily required rate of pay for overtime work. Specifically, she claims that the ASM job description includes non-managerial and non-administrative duties, the performance of which occupies more than 80% of her time and that of the three plaintiffs she seeks to join in this action. Those duties are to stock shelves, organize displays and shelves, organize the backroom, load and unload deliveries, lift and move thirty-five pound trays and cases as high as four feet, operate cash registers and bag merchandise, execute rubbish removal, carry large purchases to customers' cars, dust, vacuum, clean restrooms, clean backroom fixtures, clean store exteriors, clean windows, assist pharmacy staff and perform photo finishing.

The FLSA requires that employees working more than forty hours in a single workweek receive overtime pay for all work performed in excess of forty hours. 29 U.S.C. § 207(a)(1). However, employees who are classified by

their employers as performing work in a "bona fide executive, administrative, or professional capacity" are exempt from the FLSA's required overtime compensation. 29 U.S.C. § 213(a)(1). McLean contends that CVS through its comprehensive manuals and procedures, including its assistant manager job description, mis-classified, and continues to mis-classify, her and other similarly situated ASMs as exempt employees, depriving them of overtime wages to which they are entitled by law.

McLean filed her complaint on behalf of herself and all others similarly situated, seeking unpaid compensation, liquidated damages, an order directing the Defendant to supply the names and home addresses of similarly situated ASMs to enable the submission of notice to invite others to join the action, attorneys' fees, interest, and costs, injunctive relief, and other available and appropriate relief in law or equity.

On May 21, 2009 the Court adopted the schedule which the parties proposed in their Rule 26(f) report which stated that:

> Plaintiff will file her motion to proceed as a collective action by October 30, 2009. Defendant's response in opposition will be filed by December 1, 2009. By August 14, 2009, Plaintiff will disclose the identities of all individuals on whose testimony she intends to rely in support of her motion to proceed as a collective action. By August 28, 2009 Defendant will disclose the identities of all individuals on whom it intends to rely to rebut the testimony of the declarants identified by Plaintiff. Defendant denies that it was or is Plaintiff's employer. Accordingly, Plaintiff will conduct discovery in the early stages of this litigation to attempt to resolve the issue. Depending on what discovery reveals, Plaintiff may wish to add a new defendant or defendants. The nonmoving party reserves the right to object to any such request for leave to amend the pleadings consistent with the Federal Rules of Civil Procedure.

[Docs. ## 24 and 26]. The Court did not set traditional deadlines for the close of discovery, the filing of dispositive motions and trial as the parties required time to conduct discovery to determine the contours of the case, including the nature of and the parties to the suit. Since that time, the parties have conducted discovery and litigated issues germane to the nature of and the parties to the suit, culminating in the matters presently before the Court. Prior to the deadline to move to proceed as a collective action McLean filed the subject motion to join three plaintiffs rather than a motion to proceed as a collective action.

## DISCUSSION

The Plaintiff relies on two rules of procedure to support her motion for joinder and reclassification, the first of which is Federal Rule of Civil Procedure 15 (a)(2) which states that a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." See Dluhos v. The Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir.1998). "Parties are generally allowed to amend their pleadings absent bad faith or prejudice." Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321 (2d Cir. 2000). See also Worldbulk Ltd. v. Schoenster, 2006 WL 2349417 (D. Conn. 2006) (Arterton, J.) (granting motion to file amended complaint adding new defendants in light of plaintiff's discovery that two additional corporations in defendant's corporate hierarchy should be named as defendants). The Second Circuit has explained that:

> . . . leave to amend pleadings should be freely given when justice requires, the trial judge's discretion is broad and its sound exercise usually depend on the presence or absence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

Browning Debenture Holder's Committee v. DASA Corp., 560 F.2d 1078, 1086 (2d Cir. 1977) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

The Plaintiff's motion is not untimely. While this case has been pending since March of 2008, the dispositive motion deadline and trial ready dates have yet to be set. Moreover, according to the scheduling order proposed by the parties and adopted by the Court, the nature of the suit and the parties thereto were to be determined on motion by the Plaintiff to be filed by October 30, 2009. Prior to that date, on October 9, 2009, the Plaintiff filed the subject motions seeking to finalize the nature of and the parties to the suit.

The Defendant does not claim bad faith and it cannot credibly claim undue prejudiced or surprise. The joint trial management report states:

> Plaintiff Antoinette McLean, an Assistant Manager at CVS, claims that she was entitled to be classified as a non-exempt employee and paid overtime for all hours worked in excess of 40 in a week, but that Defendant classified her and other Assistant Store Managers as exempt and denied them overtime pay in violation of the Fair Labor Standards Act. She also claims that she is similarly situated to all other Assistant Store Managers at CVS stores around the country and that they are entitled to join this collective action litigation.

[Doc. # 24]. the Defendant has known since the outset of this case that the Plaintiff has sought to add additional parties as well as the legal and general factual basis therefore.

The Plaintiff was not dilatory. The scope of the alleged violation could not be known to the Plaintiff until discovery could be conducted. The Defendant recognized this and made provision for discovery to be conducted to determine this. The Court is unpersuaded that the Plaintiff was dilatory as there is nothing on the record which convinces this Court that the Plaintiff could have, in the diligent prosecution of this case, determined appreciably earlier that there was not so pervasive a practice as to sustain a collective action. The Plaintiff has amended the complaint once before, however not to effect the type of change it now seeks to make.

The schedule which the parties proposed included deadlines for the disclosure of other potential plaintiffs. Given the nature and history of the suit and the fact that the parties which the Plaintiff seeks to join are employees of the Defendant, CVS has not shown that Plaintiff delayed unduly, acted in bad faith or had a dilatory motive. Nor has CVS shown that the Plaintiff repeatedly failed to cure deficiencies by amendments previously allowed to identify the proper plaintiffs to this action after having had a sufficient opportunity to conduct discovery. Similarly, the Defendant is not unduly prejudiced by the narrowing of the class of plaintiffs by virtue of the Court's allowance of the amendment. For the stated reasons, Plaintiff's motion to add Sherwin Griffith, Mohammed Ahad, and Ratna Edara as named plaintiffs satisfies the requirements of Rule 15(a). Similarly, the Plaintiff's prior amendment was to name the proper Defendant

The Plaintiff also relies on Federal Rule of Civil Procedure 20 which governs joinder of parties to a pending suit and "provides for the permissive

joinder of parties." <u>Wyant v. National Railroad Passenger Corp</u>., 881 F. Supp. 919, 921 (S.D.N.Y. 1995). Rule 20 provides that "[p]ersons may join in one action as Plaintiffs if they assert any right to relief . . . arising out of the same . . . series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). The Federal Rules of Civil Procedure mandate "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>Gursky v. Northwestern Mutual Life Insurance Co.</u>, 139 F.R.D. 279, 281 (E.D.N.Y. 1981). Courts favor joinder of parties at an "early stage" of litigation. <u>See</u>, <u>e.g.</u>, <u>Barnhart v. Town of Parma</u>, 252 F.R.D. 156, 161(W.D.N.Y. 2008). Federal Rule of Civil Procedure 20 (a)(1) established a two-pronged test for consideration of a motion for joinder. The first is that "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." <u>Id</u>. The second prong of the test is that any question of law or fact common to all plaintiffs will arise in the action." <u>Id</u>. <u>see</u> <u>also</u> <u>Barnhart v. Town of Parma</u>, 252 F.R.D. 156, 161 (W.D.N.Y. 2008).

Plaintiff seeks to join plaintiffs whose claims respect and arise out of the same series of transactions or occurrences, namely CVS' assignment of duties to and characterization of them as assistant store managers in execution of corporate policy and procedure. They all work for CVS as assistant store managers and are subject to the same corporate-wide store operations manual and operating policies, including the same assistant manager job description.

The second prong is also satisfied as they all claim mis-classification and deprivation of overtime pay under the FLSA by operation of the corporate-wide policies. See also Niemiec v. Ann Bendick Realty, 2007 WL 5157027 at *14 (E.D.N.Y. 2008) (granting the plaintiff's motion to add two previously designated opt-in plaintiffs as named plaintiffs to their FLSA collective action because their claims "arise out of the same 'conduct, transaction, or occurrence' as the plaintiffs who are already named in the complaint"); Mosely v. General Motors Corp., 497 F.2d 1330, 1334 (8th Cir. 1974) (holding that a company-wide policy of discrimination could be proper grounds for joinder).

Should the Court discover that the claims of the Plaintiffs are dissimilar, the Defendant can move for separate trials pursuant to Rule 20(b). See Fed. R. Civ. P. 20(b) (granting courts authority to "issue orders–including an order for separate trials.")

The Defendant opposes the Plaintiff's motion to amend the complaint to remove references to a FLSA collective action and cross-moves to dismiss the proposed additional plaintiffs, whom the Defendant refers to as "opt-ins" erroneously. This court has not approved or certified a collective action and thus there is no collective action into which the proposed Plaintiffs can opt.

The objection rests on two grounds: (1) that McLean should be bound to its strategic decision to file a Collective Action under the FLSA; and (2) that McLean incorrectly relies on the standards identified by Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20(a)(1), and she should instead provide good cause for her requested amendment pursuant to Fed. R. Civ. P. 16(b)(4) as it constitutes

a modification of the proceeding's scheduling order. [Doc. #74]. As clarified above, the Plaintiff's motion is not inconsistent with the Court's scheduling order.

The Defendant's claims that McLean should be bound to its strategic decision to file a Collective Action under the FLSA is unfounded. As stated above, the Plaintiff reserved the right to file a motion to certify a collective action after completion of class discovery. The Plaintiff cannot be said to have made an irretractable strategic decision prior to the conduct of discovery, particularly when the parties recognizes that the classification as a collective action required a court order.

The Defendant's Fed. R. Civ. P. 16(b)(4) argument also fails. That rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Plaintiff's motion was, if not contemplated, implicated by the scheduling order the parties proposed and the Court entered as stated above.

The Defendant claims prejudice due to delay. In its objection, the Defendant concedes that the parties engaged in discovery to ascertain the sustainability of a collective action and just months before filing her motions, the Plaintiff requested the Defendants' consent to add plaintiffs to her individual action. On these facts, the Court is unpersuaded that the Plaintiff failed to ascertain how she would proceed, that is as a collective or an individual action; nor is the Court persuaded that her delay in filing her motion after the Defendants declined to consent was undue or dilatory particularly as it was prior to the October 30, 2009 deadline proposed by the parties and set

9

by the Court. The only delay evident on the record of this case, is Defendant's objection to the Plaintiff's motion.

The Plaintiff has shown good cause by virtue of the judicial efficiency which will result by conducting discovery, filing dispositive motions and trying these claims which purportedly arises out of the operation of CVS's corporate-wide policy together rather than in four separate and largely redundant cases. As noted above, should further discovery prove the Plaintiff's claims to be dissimilar, the trials can be severed in whole or in part.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Permission to file her Second Amended Complaint [Doc. #69] is GRANTED and the Defendant's Cross-Motion to Dismiss Opt-Ins Without Prejudice [Doc.#75] is DENIED. A status conference will be scheduled forthwith by separate order.

IT IS SO ORDERED

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 21, 2010